**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**KEVIN KENNEY,**

     **Plaintiff,**


**vs.**                    **Case No. 15 CV 00414 JAP/WPL**


**CITY OF ALBUQUERQUE, AND**
**OFFICER JASON BROWN,**
**in his individual and official capacities,**

     **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS CITY OF ALBUQUERQUE AND**
**JASON BROWN'S MOTION FOR SUMMARY JUDGMENT**

On October 16, 2015, Defendants filed DEFENDANTS CITY OF ALBUQUERQUE AND JASON BROWN'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 27) (Motion) asking the Court to dismiss all claims in this case as a matter of law under the doctrine of *res judicata*. On October 30, 2015, Plaintiff Kevin Kenney (Plaintiff) *pro se* filed PLAINTIFF MEMORANDUM IN OPPOSITION [sic] DEFENDANT'S CITY OF ALBUQUERQUE AND JASON BROWN'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 28) (Response) arguing that "material facts remain in dispute." (*Id.* at 1.) On November 13, 2015, Defendants filed DEFENDANTS CITY OF ALBUQUERQUE AND JASON BROWN'S REPLY TO THEIR MOTION FOR SUMMARY JUDGMENT (Doc. No. 30) (Reply).

Having considered the arguments presented in the Motion, the Response, and the Reply, as well as the evidence of record, the docket, and pleadings in both this case and in Case No. 14 CV 00315 JCH/WPL, the Court will grant the Motion.

1

## I.      BACKGROUND

On May 14, 2015, Plaintiff filed a COMPLAINT FOR DAMAGES FOR

DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 28 U.S.C. § 1983,

FOR NEGLIGENT HIRING, TRAINING AND SUPERVISION (Doc. No. 1) (Complaint)

against the City of Albuquerque (the City) and Albuquerque Police Officer Jason Brown (Officer

Brown) (together, Defendants) alleging that Plaintiff was arrested in violation of the United

States Constitution. The Complaint alleges the following relevant and material facts:

On August 30, 2013, at a Wal-Mart parking lot in Albuquerque, New Mexico, Plaintiff

was approached by Albuquerque Police Officers Esther Garcia and Mario Perez. (Compl. ¶¶ 7–

8.) The officers approached Plaintiff as a result of a 911 call about a person matching Plaintiff's

description who had been "asking people to blow into the individual's vehicle Intoxalock." (*Id.* ¶

10.)[1] After a brief conversation with Officer Garcia, Plaintiff left the parking lot. (*Id.* ¶ 15.)

A short distance away, Officer Brown stopped Plaintiff's vehicle, and Plaintiff was field-

tested on suspicion of driving while impaired. (*Id.* ¶ 18.) Officer Brown arrested Plaintiff and

transported him to a BAT vehicle, a mobile alcohol testing unit of the Albuquerque Police

Department. (*Id.* ¶ 19.) Defendant refused to submit to a breath alcohol test and was charged

with aggravated driving while intoxicated. (*Id.* ¶ 23–24.)

Plaintiff was transported to the Metropolitan Detention Center (MDC) where Plaintiff

alleges the intake personnel did not detect signs that Plaintiff was intoxicated. (*Id.* ¶ 25.) Plaintiff

was incarcerated at MDC for 17 months and 5 days before the charges against him were

dismissed on January 20, 2015. (*Id.* ¶¶ 26–27.)

---

[1] An "Intoxalock" is a device placed on vehicles that requires a driver to blow into a sensor prior to starting the
vehicle to ensure the individual has not been consuming alcohol. (Compl. ¶ 11.)

In Count I of the Complaint, Plaintiff asserts a § 1983 claim against Officer Brown for wrongful arrest in violation of his Fourth Amendment rights. (*Id.* ¶¶ 28–32.) In Count II of the Complaint, Plaintiff asserts that the City is liable for negligent hiring, training and supervision of Officer Brown. (*Id.* ¶¶ 33–38.)

In the Motion, Defendants argue that Plaintiff is barred from bringing the claims in this case because Plaintiff's claims based on this incident were already adjudicated in Case No. 14 CV 00315 JCH/WPL. In that case, Plaintiff *pro se* asserted that his constitutional rights were violated based on the same incident that is the subject of this Complaint—the August 30, 2013 arrest. *See* CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 (Case No. 14 CV 00315 JCH/WPL Doc. No. 36) (2014 Complaint) (Mot. Ex. A.) Specifically, in Count I of the 2014 Complaint Plaintiff asked the reader to "refer to Defendant's Statement."[2] In his "Defendant's Statement" Plaintiff describes the events on August 30, 2013, including the stop and brief detention in the Wal-Mart parking lot and the later vehicle stop and arrest by Officer Brown. (*Id.*) Also, in the Statement, Plaintiff alleges that his Fourth Amendment rights were violated by Officer Brown's wrongful arrest. (*Id.*)

On January 15, 2015, the Honorable United States District Judge Judith C. Herrera entered a MEMORANDUM OPINION AND ORDER (Case No. 14 CV 00315 JCH/WPL Doc. No. 47) in which she dismissed with prejudice all of Defendant's claims in Case No. 14 CV 00315 JCH/WPL under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6).[3] In her Memorandum Opinion and Order, Judge Herrera specifically concluded that Officer Brown had probable cause to stop, detain, and arrest Plaintiff based on Plaintiff's allegations: "Because

---

[2] Even though Plaintiff referred to himself as "Defendant," he filed the case as a plaintiff. The Court will refer to him as Plaintiff throughout this opinion.
[3] As noted by Judge Herrera, Plaintiff's claims were asserted in several documents filed of record (Case No. 14 CV 00315 JCH/WPL Doc. Nos. 12, 35, 36, 40, 41, 42, and 43), and Judge Herrera considered all allegations and claims asserted in these pleadings in her decision.

Plaintiff's complaint does not contain allegations to support his claims of illegal seizure and malicious prosecution, the Court will dismiss Plaintiff's claims against Defendants Brown, Garcia, Brandenburg, and Quintana." Case No. 14 CV 00315 JCH/WPL (Doc. No. 47) at p. 3.[4] Also on October 16, 2015, Judge Herrera entered a JUDGMENT (Case No. 14 CV 00315 JCH/WPL Doc. No. 48) in favor of the defendants.

On April 9, 2015, having retained attorney James P. Baiamonte, Plaintiff asked Judge Herrera to reopen the case. *See* PLAINTIFF'S MOTION TO REOPEN PLAINTIFF'S DISMISSED COMPLAINT (Case No. 14 CV 00315 JCH/WPL Doc. No. 53) (Motion to Reopen). On April 22, 2015, Judge Herrera entered a MEMORANDUM OPINION AND ORDER (Case No. 14 CV 00315 JCH/WPL Doc. No. 54) denying Plaintiff's Motion to Reopen under Fed. R. Civ. P. 60(b).

One month after Judge Herrera denied his Motion to Reopen, Plaintiff, through his counsel Mr. Baiamonte, filed the Complaint in this case alleging a violation of his Fourth Amendment rights, which was based on the August 30, 2013 incident. On October 13, 2015, this Court allowed Mr. Baiamonte to withdraw as Plaintiff's counsel. (*See* Case No. 15 CV 414 JAP/WPL Doc. No. 26.)

In the Motion, Defendants argue that because Judge Herrera found that the August 30, 2013 arrest was supported by probable cause, Plaintiff's claims should be dismissed under the doctrine of *res judicata*. In addition, Defendants maintain that since Judge Herrera found Officer Brown did not violate Plaintiff's Fourth Amendment rights, Plaintiff's claim against the City must be dismissed as a matter of law.

---

[4] Plaintiff asserted claims against several more defendants in his previous case.

## II.      STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants argue that they are entitled to judgment as a matter of law because Plaintiff's claims against them are barred by the doctrine of *res judicata*.

The doctrine of *res judicata* or claim preclusion "bars litigation of claims that were or could have been advanced in an earlier proceeding." *Strickland v. City of Albuquerque,* 130 F.3d 1408, 1411 (10th Cir. 1997). Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (citing *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 686 (10th Cir. 1992)).

A municipality cannot be liable for negligent hiring and training unless there was an underlying constitutional violation by one of its officers. *See Martinez v. Beggs,* 563 F.3d 1082, 1091 (10th Cir. 2009) ("A county or sheriff in his official capacity cannot be held liable for constitutional violations when there was no underlying constitutional violation by any of its officers."); and *Hinton v. City of Elwood, KS*, 997 F.2d 774, 782 (10th Cir. 1993) (upholding a finding that city could not be liable because its police officers did not violate plaintiff's constitutional rights).

III.    ANALYSIS

A.    **Plaintiff's Claims Are Barred by the Doctrine of *Res Judicata*.**

Here, all four elements for *res judicata* or claim preclusion are met for both the Count I claim for wrongful arrest and the Count II claim for negligent hiring, training, and supervision. As for the first requirement, the prior suit ended in a judgment on the merits. Judge Herrera clearly ruled that Plaintiff's claim against Officer Brown failed to state a claim for unlawful arrest because Officer Brown had probable cause to arrest Plaintiff.[5] As for the second element, it is undisputed that the Defendants in this case were two of the numerous defendants in the previous case.

The third element requires that the suits be based on the same cause of action. The Tenth Circuit uses the transactional approach to define "cause of action." *Nwosun*, 124 F.3d at 1257 (citations omitted). Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation. *Id.* Plaintiff's Count I claim is clearly identical to the claim asserted in the previous case. And under the transactional approach, Count II is barred even though it was not specifically asserted in the previous case because the claim is based on the same factual scenario as the one underlying Plaintiff's claims in Case No. 14 CV 00315 JCH/WPL. Plaintiff was obligated to bring all claims and theories of liability in one action. Thus, Plaintiff is now barred by *res judicata* from litigating the Count I claim for unlawful arrest and the Count II claim for negligent hiring, training, and supervision. As stated in *Chavez v. Board of Com'rs of Bernalillo County, N.M.*,

---

[5] Judge Herrera found, "Plaintiff's allegations do not support claims of a Fourth Amendment violation or malicious prosecution. As to the traffic stop, Plaintiff acknowledges (Doc. No. 43) that the Defendant police officers observed him driving up onto a sidewalk and coming to rest against retaining barriers on an interstate on-ramp. These driving infractions clearly amount to probable cause to detain and arrest Plaintiff." MEMORANDUM OPINION AND ORDER (Case No. 14 CV 00315 JCH/WPL Doc. No. 47) at 3.

> Whether the precise claims or legal theories of recovery included in each suit are distinct is of no moment. Rather, because the facts underlying Plaintiff's claims and theories in the Instant Complaint are identical to the facts underlying his claims and theories in the Original Complaint, Plaintiff was obligated to present all of those claims and theories in one suit. Plaintiff is now barred from litigating the claims and theories set forth in the Instant Complaint, as all of those claims and theories could have been advanced in the Original Action.

Case No. 13 CV 1151 MV/RHS, 2014 WL 7653390, *2–3 (D.N.M. Aug. 27, 2014) (finding that *res judicata* precluded second suit for wrongful arrest based on the same incident) (unpublished).

In connection with the fourth element, Plaintiff asserts that he did not have a full and fair opportunity to litigate the claims in the prior suit, but Plaintiff fails to state how he was prevented from fully and fairly litigating his claims in the prior suit. Since Plaintiff cannot refute that he was given a full and fair opportunity to litigate his claims related to the August 30, 2013 incident, Plaintiff's current claims against Officer Brown for unlawful arrest and his claims against the City for negligent hiring, training, and supervision are barred and must be dismissed.

**B.      As a Matter of Law the Negligent Hiring and Training Claim Should Be Dismissed.**

Alternatively, because Judge Herrera ruled that Officer Brown did not violate Plaintiff's Fourth Amendment rights, the City as a matter of law cannot be held liable for negligent hiring, training, or supervision of Officer Brown as asserted in Count II of Plaintiff's Complaint. The same conclusion applies if Plaintiff is asserting a federal civil rights claim or state tort claim for negligent hiring, training, and supervision. Hence, Plaintiff's Count II claim for negligent hiring, training, and supervision must be dismissed.

IT IS ORDERED that DEFENDANTS CITY OF ALBUQUERQUE AND JASON BROWN'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 27) is granted and Plaintiff's Count I claim for wrongful arrest against Officer Jason Brown and Plaintiff's Count II claim

against the City of Albuquerque for negligent hiring, training, and supervision will be dismissed with prejudice by a separate summary judgment in favor of Defendants.

_____

SENIOR UNITED STATES DISTRICT JUDGE